IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

JAMES HAHN, *et al.*,

    Plaintiffs,

    v.                           CIVIL NO.: WDQ-09-3287

GARY LOCKE, *et al.*,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Scallop fishermen James Hahn and Theron Scott Carmean sued U.S. Commerce Secretary Gary Locke, the National Oceanic and Atmospheric Administration ("NOAA"), and the National Marine Fisheries Service ("NMFS"), alleging constitutional violations and other claims. On July 20, 2010, the Court stayed and administratively closed the case. For the following reasons, the Defendants' motion to dismiss the action with prejudice will be granted.

I. Background

On December 10, 2009, the Plaintiffs sued Locke, NOAA, and NMFS alleging, *inter alia*, that a rule promulgated by the NMFS violated the Constitution, the Administrative Procedures Act, and the Magnuson-Stevens Fishery Conservation and Management

Reauthorization Act of 2006.[1] The rule governed access to the Atlantic Sea Scallop Fishery and effectively terminated the access rights of general scallop fishermen who had not received certain fishing permits before November 1, 2004.[2]

The Plaintiffs filed three virtually identical suits in the District of New Jersey.[3] Two of those suits were filed before this action. On March 29, 2010, the District of New Jersey stayed and administratively closed the second suit, *Miguel*, on the ground that it "concern[ed] claims that [were] duplicative of the claims brought in [the first suit, *General Category Scallop Fishermen* or "*GCSF*"]." Mar. 29, 2010 Order at 1 (ECF No. 15), *Miguel*, No. 3:09-cv-06167-MLC-DEA (D.N.J.).

On April 14, 2010, the District of New Jersey granted summary judgment to the *GCSF* Defendants and closed the case. *See Gen. Category Scallop Fishermen v. Sec'y, U.S. Dep't of Commerce*, 720 F. Supp. 2d 564 (D.N.J. 2010). The Plaintiffs appealed that judgment. Notice of Appeal (ECF No. 45), *GCSF*, No. 3:08-cv-2264-MLC-DEA (D.N.J.).

---

[1] 16 U.S.C. §§ 1801 *et seq.*

[2] *See* Am. Compl. ¶¶ 2, 29-31; *Gen. Category Scallop Fishermen v. Sec'y, U.S. Dep't of Commerce*, 635 F.3d 106, 108-11 (3d Cir. 2011).

[3] They are: *17 Scallop Fishermen v. Gutierrez, et al.*, No. 3:08-cv-2264-MLC-DEA (D.N.J.) [hereinafter "*General Category Scallop Fishermen*" or "*GCSF*"]; *Miguel, et al. v. Locke, et al.*, No. 3:09-cv-06167-MLC-DEA (D.N.J.); and *McCullough, et al. v. Locke, et al.*, No. 3:10-cv-314-JHR-JS (D.N.J.).

On April 27, 2010, the Plaintiffs moved to re-open the second suit, *Miguel*. Mot. to Reopen (ECF. No. 16), *Miguel*, No. 3:09-cv-06167-MLC-DEA (D.N.J.). On July 8, 2010 the District of New Jersey denied the motion as premature because the first suit was on appeal and, given the similarity of the first and second suits, the appeal might determine the second suit. July 8, 2010 Order (ECF No. 18), *Miguel*, 3:09-cv-06167-MLC-DEA (D.N.J.). On the same day, the District of New Jersey stayed and administratively closed the third suit, *McCullough*, because it too raised issues likely to be addressed in the appeal of the first suit. July 8, 2010 Order (ECF No. 10), *McCullough*, No. 3:10-cv-314-JHR-JS (D.N.J.).

On July 16, 2010, the Defendants notified this Court of the developments in the District of New Jersey and suggested that, given the virtually identical nature of this suit and the three suits pending there, this action be stayed to avoid a possibly inconsistent result with the Third Circuit's pending decision in the *GCSP* appeal. On July 20, 2010, this Court stayed and administratively closed this action. ECF No. 32. The order stated that either party could move to re-open the case within 20 days of (1) a resolution of the appeal in *GCSP* or (2) the Supreme Court's denial of a petition for certiorari in that action. *Id.*

On March 16, 2011, the Third Circuit affirmed the grant of summary judgment to the Defendants in *GCSP*. *See Gen. Category Scallop Fishermen v. Sec'y, U.S. Dep't of Commerce*, 635 F.3d 106 (3d Cir. 2011). On April 13, 2011, the Plaintiffs petitioned for a rehearing *en banc*, which the Third Circuit denied on April 28, 2011. General Docket, No. 10-2341 (3d Cir.). The Plaintiffs have not sought certiorari.

On July 27, 2011, the Plaintiffs moved to reopen *McCullough*. Mot. to Reopen (ECF No. 11), *McCullough*, No. 3:10-cv-314-JHR-JS (D.N.J.). On October 7, 2011, the District of New Jersey denied the motion as untimely[4] but allowed the Plaintiffs to move before a magistrate judge to amend the complaint. Oct. 7, 2011 Order (ECF No. 13), *McCullough*. If the Plaintiffs did not move to amend within 30 days, however, the Court would dismiss the action with prejudice. *Id*.

On November 8, 2011, the Defendants moved to dismiss this action with prejudice. ECF No. 33. Neither Hahn nor Carmean has responded.

On November 15, 2011, the District of New Jersey dismissed *Miguel* with prejudice because (1) the Plaintiffs had not timely moved to reopen the case, and (2) their local rule required

---

[4] The court's July 8, 2010 order had required the Plaintiffs to move to reopen within 20 days of the final disposition of the appeal in *GCSF*. July 8, 2010 Order (ECF No. 10), *McCullough*, No. 3:10-cv-314-JHR-JS (D.N.J.).

dismissal with prejudice after 120 days for lack of prosecution.[5] On the same day, the District of New Jersey dismissed *McCullough* with prejudice.[6]

II. Analysis

The Defendants have not cited authority for their requested dismissal with prejudice[7]; the Court will be guided by Fed. R. Civ. P. 41(b)'s requirements for involuntary dismissal for failure to prosecute or comply with a court order. A Rule 41(b) dismissal is presumed to be with prejudice "[u]nless the dismissal order states otherwise."[8]

---

[5] *See* Nov. 15, 2011 Opinion and Order (ECF Nos. 20, 21), *Miguel*, 3:09-cv-06167-MLC-DEA (D.N.J.). In its July 8, 2010 order, the court stated that the action would be dismissed with prejudice if the Plaintiffs did not (1) move to reopen the action within 20 days of the resolution of the *GCSF* appeal, or (2) tell the court they were seeking certiorari to the Supreme Court within 90 days of entry of judgment in the *GCSF* appeal. July 8, 2010 Order (ECF No. 18), *Miguel*, 3:09-cv-06167-MLC-DEA (D.N.J.).

[6] Nov. 15, 2011 Order (ECF No. 16), *McCullough*, No. 3:10-cv-314-JHR-JS (D.N.J.). The Plaintiffs had not moved for leave to amend the complaint, as required by the Oct. 7, 2011 order.

[7] The Defendants have cited only the November 15, 2011 dismissal orders and accompanying memorandum opinions in *Miguel* and *McCullough*. *See* ECF No. 34. In those cases, the District of New Jersey had warned the Plaintiffs that failure to comply with the court's orders would result in dismissal with prejudice. *See supra* Part I and n.4. This Court did not provide such a warning in its order administratively closing this case. *See* ECF No. 32.

[8] *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits."); Charles Alan Wright, *et al.*, 9 Federal Practice & Procedure § 2369 (3d ed.) (because dismissal

In deciding whether a Rule 41(b) dismissal is appropriate, the Court considers: "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused to the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of sanctions less drastic than dismissal." *Herbert v. Saffell*, 877 F.2d 267, 270 (4th Cir. 1989) (internal quotation marks and citation omitted).  These factors "are not a rigid four-prong test," and "the propriety of a dismissal . . . depends on the particular circumstances of the case." *Ballard v. Carlson*, 882 F.2d 93, 94 (4th Cir. 1989).

The Court ordered the parties to move to reopen this case within 20 days of (1) a resolution of the appeal in *GCSP* or (2) the Supreme Court's denial of certiorari in that case.  *See* ECF No. 32.  About one year has passed since the Third Circuit entered judgment in the *GCSF* appeal, and more than 300 days have passed since the Third Circuit denied the Plaintiffs' petition for rehearing; the Plaintiffs have not sought certiorari in *GCSP*.  The Plaintiffs have neither moved to reopen, nor responded to the Defendants' motion to dismiss with prejudice.  Moreover, *res judicata* precludes this Court from reconsidering

---

"ordinarily operates as an adjudication on the merits," it "operates with prejudice to the dismissed party and prevents it from bringing a new action").

6

issues the District of New Jersey has decided in *GCSF*.[9] Accordingly, the Court finds that dismissal with prejudice is appropriate in this case.

III. Conclusion

For the reasons stated above, the Court will grant the Defendants' motion to dismiss this action with prejudice.

_3/14/12_  
Date

_[signature]_  
William D. Quarles, Jr.  
United States District Judge

---

[9] "The doctrine of *res judicata* precludes the assertion of a claim after a judgment on the merits in a prior suit by parties or their privies based on the same cause of action." *McCray v. Pee Dee Reg'l Transp. Auth.*, 263 F. App'x 301, 303 (4th Cir. 2008).